**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HUNT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DIAZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00504-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ONLY ON PLAINTIFF'S EXCESSIVE FORCE CLAIM<br><br>[ECF No. 20] |

Plaintiff Mark Hunt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed September 10, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

When Plaintiff went to the 5:00 p.m. medication line, he was attacked by D. Diaz and A. Velasquez. Velasquez used her baton to hit Plaintiff while D. Diaz attacked Plaintiff non-stop while stating racial slurs and because of his "IEX"[1] status. Numerous other officers were responding to the radio code and officers G. Solorio and K. Reyes arrived to assist in the attack which was ordered by sergeant J. Brainard. When Plaintiff attempted to get away, Solorio pulled out his pepper spray and sprayed everybody while Reyes was assisting Diaz punch and kick Plaintiff as he was on the ground. When Plaintiff attempted to get up, Solorio slammed Plaintiff back to the ground, while Velasquez

---

[1] "IEX" refers to inmate exhibitionist masturbation.

2

continued to hit Plaintiff with her baton. Sergeant Brainard and lieutenant Sthol took Plaintiff to be decontaminated from the pepper spray.

After the decontamination, Plaintiff was "thrown" in a cage in the medical office while Diaz, Brainard and Reyes packed up all of his personal property and destroyed his television, radio, clothing, hats, hygiene product. As a result, $800 dollars-worth of Plaintiff's personal property was destroyed.

## III.
## DISCUSSION

### A.     Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

3

Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of *vicarious liability*." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); Ashcroft v. Iqbal, 556 U.S. at 676. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Id.

Liberally construed, Plaintiff's allegations that Defendants D. Diaz, A. Velasquez, G. Solorio and K. Reyes used excessive force at the direction of sergeant J. Brainard are sufficient to state cognizable claim for relief.

### B. Lost and/or Destroyed Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his personal property was lost and/or destroyed fails to state a claim for relief under the Fourteenth Amendment. Because Plaintiff's claim reflects a random and unauthorized deprivation of property, it is not cognizable under section 1983. Plaintiff's property claim may be

actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895). Accordingly, Plaintiff fails to state a cognizable due process claim for the taking of his personal property. Because this defect cannot be cured by amendment, the Court recommends this claim be dismissed, without further leave to amend. See Everett v. Brazelton, 588 F.App'x 688 (9th Cir. 2014) (affirming dismissal of California prisoner's Due Process claims based on lost property because amendment as to those claims "would have been futile.") (citing Hudson, 468 U.S. at 533; Barnett, 31 F.3d at 816-17.)

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only on Plaintiff's excessive force claim against Defendants D. Diaz, A. Velasquez, J. Brainard, G. Solorio, and K. Reyes; and
2. Plaintiff's due process claim be dismissed, without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 18, 2019__

UNITED STATES MAGISTRATE JUDGE