# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUNT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00504-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM, WITHOUT PREJUDICE<br><br>[ECF No. 29] |

Plaintiff Mark Hunt is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel or guardian ad litem, filed February 28, 2020.

## I.
## DISCUSSION

**A.　　Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court

1

may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he is a participant in the Correctional Clinical Case Management System which provides mental health services, and he has been in administrative segregation. Plaintiff's request must be denied, without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Plaintiff has thus far been able to articulate his claims, and has continued to litigate this action. Indeed, on December 9, 2019, the Court found that Plaintiff stated a cognizable claim for excessive force against Defendants D. Diaz, A. Velasquez, J. Brainard, G. Solorio, and K. Reyes, and directed service of the complaint. (ECF No. 23.) On March 2, 2020, Defendants filed an answer to the complaint. (ECF No. 30.)

Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

///

///

**B. Guardian Ad Litem**

Based on Plaintiff's assertion of mental health issues, the Court will consider his request for appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in pertinent part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial evidence" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005); Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. See Hoang Minh Tran v. Gore, No. 10cv464-GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. Apr. 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologist, and medical records may be considered in this regard. See Allen, 408 F.3d at 1152-54. Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings. See AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 1050 (E.D. Cal. 2015) (citing In re Christina B., 19 Cal.App.4th 1441, 1450 (1993)).

In this case, Plaintiff submits no evidence of incompetence. Rather, he asserts that he is a participant in the CCCMS and is under court order for psychiatric medication. However, thus far, Plaintiff has shown an ability to articulate his claims and litigate this case despite his mental health issues. Furthermore, Plaintiff provides no evidence to support a finding that "substantial evidence" exists regarding his mental incompetence. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. The record demonstrates that Plaintiff has the capacity to understand the nature and consequences of these proceedings. Accordingly, the Court finds that Plaintiff is competent to litigate this action and his request for appointment of a guardian ad litem is denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and
2. Plaintiff's motion for a competency hearing and for appointment of a guardian ad litem is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**March 3, 2020**__

UNITED STATES MAGISTRATE JUDGE