UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. DIAZ, et al.,<br><br>    Defendants. | No. 1:19-cv-00504-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 26) |

Plaintiff Mark Hunt is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 19, 2019, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's due process claim be dismissed for failure to state a cognizable claim and this action proceed on plaintiff's excessive force claim against defendants D. Diaz, A. Velasquez, J. Brainard, G. Solorio, and K. Reyes.[1] (Doc. No. 21.) The findings and recommendations were served on plaintiff, and plaintiff failed to file objections

/////

---

[1] In the present motion, plaintiff asks how dismissal of his due process claim impacts his case. (Doc. No. 26 at 2.) As stated in the December 6, 2019 order, (Doc. No. 22), plaintiff can continue to litigate this case by proceeding on his Eighth Amendment excessive use of force claim. (Doc. No. 22 at 2.)

1

within the twenty-one day objection period. The undersigned adopted the findings and recommendations on December 6, 2019. (Doc. No. 22.)

Now before the court is plaintiff's filing of January 6, 2020, entitled: "Notice of Equitable Tolling and Motion for Cognizable Claim." (Doc. No. 26.) The court construes plaintiff's filing as a motion for reconsideration of the undersigned's order adopting the magistrate judge's findings and recommendations. (Doc. No. 22.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff requests additional time to object to the findings and recommendations because the facility in which he is incarcerated is regularly on lockdown, impacting his ability to use the law library in preparation for the motions in this action. (Doc. No. 26 at 1.) While the court has the discretion to "review[] the magistrate judge's findings and recommendations in light of plaintiff's objections, as if those objections were timely filed," *Zapata v. Flintco*, Inc., No. CIV-S-09-3555-GEB, 2011 WL 4771952, at *1 (E.D. Cal. Sept. 28, 2011), plaintiff has only submitted an untimely request for additional time to file objections and has still not set forth any objections or evidence in support thereof or even suggested what his objections might be. Rather, plaintiff simply states that he has objections to the findings and recommendations and evidence pertaining to his due process claim without presenting either. (Doc. No. 26 at 1, 2.) As such, plaintiff has not demonstrated grounds upon which the court can grant his motion for reconsideration.

/////
/////
/////
/////

2

Accordingly, plaintiff's filing (Doc. No. 26), deemed to be a motion for reconsideration, is denied.[2]

IT IS SO ORDERED.

Dated:  **April 3, 2020**

/s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also seeks clarification as to why his case has been referred back to a magistrate judge and whether he can file a motion to keep his case with the undersigned. (Doc. No. 26 at 2.) All actions brought by prisoners under 42 U.S.C. § 1983, like plaintiff's, are assigned to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In those actions, the assigned magistrate judge issues findings and recommendations addressing any dispositive motions, which the assigned district judge then reviews *de novo* and either adopts or declines by way of a written order. The court will not vary from this practice put in place by its local rules in this case. The undersigned also notes that on June 26, 2019, plaintiff filed his consent to magistrate judge jurisdiction for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c). (Doc. No. 12.) Although the defendants have not filed a consent at this time, the Ninth Circuit has recently suggested that §636(c) "seems to contemplate a contemporaneous or near-contemporaneous decision [to consent to magistrate judge jurisdiction] by the parties, not piecemeal acceptance over the course of years of litigation." *Branch v. Umphenour*, 936 F.3d 994, 1000 n.4 (9th Cir. 2019). Nonetheless, plaintiff is advised that were defendants to file a consent to magistrate judge jurisdiction, as long as plaintiff's consent remains effective, this action would be referred to the assigned magistrate judge for all purposes and the assignment to a district judge would be withdrawn.