UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00504-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 53) |

　　　Plaintiff Mark Hunt is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's notice in which he requests a temporary restraining order, filed September 14, 2020.  (ECF No. 53.)

**I.**

**DISCUSSION**

　　　The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or

1

temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969; see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

///

Plaintiff fails to meet that standard. In the current request, Plaintiff seeks a temporary restraining order against Sergeant Justin Anderson to prevent him from harassing Plaintiff and moving him to a different location within the facility based on a rehearing of a prior rules violation. This action is proceeding against D. Diaz, A. Velasquez, J. Brainard, G. Solorio and K. Reyes for excessive force at Substance Abuse Treatment Facility and State Prison, Corcoran in violation of the Eighth Amendment. Plaintiff's present request does not involve the Defendants in this action or the Eighth Amendment claim. Thus, Plaintiff's request addresses conduct that is not at issue in this action, and Plaintiff has not demonstrated either a likelihood of success or a serious question going to the merits of his complaint. In general, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. See McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam) and Rhodes v. Robinson, 621 F.3d 1002, 1004–07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); Jones v. Felker, No. CIV S-08-0096 KJM EFB P, 2011 WL 533755, at *4–6, 2011 U.S. Dist. LEXIS 13730, at *11–15 (E.D. Cal. Feb. 11, 2011). Moreover, Plaintiff fails to show that he would suffer irreparable harm in the absence of the requested relief. Accordingly, Plaintiff's motions for a preliminary injunction must be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order, filed September 14, 2020, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 17, 2020**

UNITED STATES MAGISTRATE JUDGE