UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUNT,<br><br>                  Plaintiff,<br><br>         v.<br><br>D. DIAZ, et al.,<br><br>                  Defendants. | Case No.: 1:19-cv-00504-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S CRIMINAL CASE AND DISCIPLINARY ACTION<br><br>(ECF No. 52) |

Plaintiff Mark Hunt is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to stay proceedings pending resolution of Plaintiff's criminal case and disciplinary action, filed September 15, 2020.  Accordingly, Defendants' motion to stay is deemed submitted for review.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Diaz, Solorio, Brainard, Reyes, and Velasquez for excessive force in violation of the Eighth Amendment.  (ECF No. 20.)  Plaintiff alleges that on May 16, 2018, when Plaintiff went to the 5:00 p.m. medication line, he was attacked by D. Diaz and A. Velasquez.  Velasquez used her baton to hit Plaintiff while D. Diaz attacked Plaintiff non-stop

1

while stating racial slurs and because of his "IEX"[1] status.  Numerous other officers were responding to the radio code and officers G. Solorio and K. Reyes arrived to assist in the attack which was ordered by sergeant J. Brainard.  When Plaintiff attempted to get away, Solorio pulled out his pepper spray and sprayed everybody while Reyes was assisting Diaz punch and kick Plaintiff as he was on the ground.  When Plaintiff attempted to get up, Solorio slammed Plaintiff back to the ground, while Velasquez continued to hit Plaintiff with her baton.

On March 2, 2020, Defendants filed an answer to the complaint.  (ECF No. 30.)

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on August 11, 2020.  (ECF No. 49.)

On September 15, 2020, Defendants filed the instant motion to stay the proceedings pending Plaintiff's criminal prosecution and prison disciplinary proceedings.  (ECF No. 52.)  Plaintiff filed an opposition on October 19, 2020.  (ECF No. 58.)  For the following reasons, Defendants' motion shall be granted.

## II.

## DISCUSSION

### A.    Request for Judicial Notice

Defendants request that the Court take judicial notice of the following documents: (1) Docket Sheet for People of the State of California v. Mark Hunt, Kings County Superior Court Case No. 19-CM-0598; (2) Criminal Complaint filed in People of the State of California v. Mark Hunt, Kings County Superior Court Case No. 19-CV-0598; (3) CDCR 128B Informational Chrono, reflecting Kings County District Attorney's Office's decision to prosecute; and (4) CDCR 115 Rules Violation Report (RVR Log No. 5027404), reflecting Plaintiff was charged with committing battery causing serious injury on Defendant Diaz on May 16, 2018, and reflecting Plaintiff's decision to postpone the RVR disciplinary proceedings pending the outcome of his criminal case.  (ECF No. 52-1, Exs. A-D.)

///

---

[1] "IEX" refers to inmate exhibitionist masturbation.

2

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). In addition, a court may take judicial notice of undisputed matters of public record, including papers filed with the court and the records of state agencies and administrative bodies. Disabled Rights Action Comm. V. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004); Lundquist v. Cont'l Cas. Co., 394 F.Supp.2d 1230, 1242-42 (C.D. Cal. 2005) (stating that court may take judicial notice of records and reports of administrative bodies).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendants' request to take judicial notice of the above-mentioned documents is granted.

**B.   Motion to Stay**

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." Id.

///

3

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id. "Nevertheless, a court may decide in its discretion to stay civil proceedings ...'when the interests of justice seem[ ] to require such action.' " Id. (citations omitted).

1. Same Nucleus of Facts

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007); see also Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. Keating, 45 F.3d at 324 (citing Molinaro, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public. Keating, 45 F.3d at 324-25.

Here, the civil rights action implicates Plaintiff's Fifth Amendment rights. The facts and circumstances underlying Plaintiff's criminal prosecution for battery on officer Diaz substantially overlap with the excessive force claims at issue in this case. Both cases involve the May 16, 2018 incident between Plaintiff and the Defendant officers. Thus, if this case proceeds, Defendants will seek discovery from Plaintiff, and he will be required to respond under oath. The discovery will involve Plaintiff's alleged misconduct on May 16, 2018. Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights. Furthermore, if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery. Jones v. Conte, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced

with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case.") (internal quotations and citation omitted).

Likewise, the other Keating factors also support a stay.  Any prejudice to Plaintiff is minimal given that both proceedings involve the similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time. McCormick v. Rexroth, No. C 09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010).  In addition, the public interest weights in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." Douglas v. United States, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

Furthermore, if a stay is not granted the defenses available may be limited.  If the Court in the criminal action considers Plaintiff's factual allegations regarding the May 16, 2018 incident, such findings may be binding in this Court.   Additionally, Plaintiff's prison disciplinary proceedings cannot be completed until after the criminal action is resolved and Plaintiff's Fifth Amendment rights are no longer implicated.  Until resolution of both proceedings, it is unclear whether certain defenses are available, such as, a Heck bar or issue preclusion. See Wallace, 549 U.S. at 393-94 (noting that the question of whether a section 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted.   "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") (citation omitted); see also Vivas v. Cty. of Riverside, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

///
///
///
///

Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action and prison disciplinary action involve many of the same facts.[2]  Accordingly, the Court will stay this action until Plaintiff's criminal and disciplinary charges have been resolved.

2. Younger Abstention

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43–54 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 77 (2013). A court may consider sua sponte whether Younger abstention should be invoked at any point in the litigation. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).  Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under Younger when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." Escobar v. LASD Male Doe, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).

Even if a stay is not warranted under the former analysis, a stay is warranted under Younger. Here, Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is

---

[2] Plaintiff argues that because the Court previously denied his request to stay the action pending the criminal proceedings, the Court should also deny Defendants' request to stay.  However, the mere fact that the Court previously denied Plaintiff's request to stay does not foreclose the Court from reviewing and granting a stay based on the information and documentation provided by Defendants.

one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Indeed, Plaintiff may raise constitutional issues in the state proceedings. See Pennzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). In addition, Plaintiff is seeking damages in this civil action. Accordingly, it is clear that principles of judicial comity authorize the Court to stay this action until Plaintiff's criminal proceedings have concluded.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant action is stayed pending resolution of Plaintiff's criminal case and prison disciplinary proceedings; and
2. Defendants shall file a status report within **ninety (90)** days from the date of service of this order, and every **sixty (60)** days thereafter, addressing the status of the proceedings until the proceedings are resolved.

IT IS SO ORDERED.

Dated:  **October 29, 2020**

UNITED STATES MAGISTRATE JUDGE