|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MARK HUNT, | Case No.: 1:19-cv-00504-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| D. DIAZ, et al., | |
| Defendants. | |

Plaintiff Mark Hunt is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently stayed pending Plaintiff's state criminal case and prison disciplinary proceedings.

On September 23, 2021, Defendants filed a fourth status report indicating that Plaintiff had a pretrial conference and a preliminary hearing setting conference scheduled for August 26, 2021, in the King County Superior Court.[1] (ECF No. 68.) However, Plaintiff failed to appear for the hearing, and the Superior Court issued a bench warrant for Plaintiff and issued a notice of forfeiture of Plaintiff's

---

[1] The Court takes judicial notice of the docket sheet and facts contained therein of Plaintiff's criminal prosecution in People of the State of California v. Mark Hung, Kings County Superior Court Case No. 19-CM-0598, under Federal Rule of Evidence 201(b) as a public record which accuracy cannot reasonably be questioned. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

bail bond.  (Decl. of Brian Chan (Chan Decl), Ex. A.)  In addition, the Court notes that Plaintiff paroled on March 9, 2021, and is no longer incarcerated in state prison.  (Chan Decl. ¶ 4; *See* California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ ("Search for Inmate" for "Mark Hunt" and CDCR #F60076).  The inmate locator states that there are "no records matching that criteria.").[2]

A *pro se* Plaintiff must keep the Court and opposing parties informed of his correct address. Local Rules 182(f), 183(b).   If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f).  If mail directed to a *pro se* plaintiff at the address of record is returned by the U.S. Postal Service, and the plaintiff fails to notify the Court of his current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

As stated above, Plaintiff was paroled on March 9, 2021, and failed to appear for his criminal court hearing and a warrant was issued.  Defendants do not have a current mailing address for Plaintiff, and Plaintiff has not filed any documents in this action since October 19, 2020.  (ECF No. 58.)   Thus, Plaintiff has not filed a change of address with the Court since his release in March, in violation of Local Rules and the Court's First Informational Order.  (ECF No. 8.)  Based on the above, it appears that Plaintiff has abandoned this action.  Whether Plaintiff has done so mistakenly or intentionally after his release from prison is inconsequential.   Therefore, Plaintiff will be directed to show cause why the action should not be dismissed.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **fifteen (15)** days from the date of service of this order, Plaintiff shall show cause in writing why the action should not be dismissed for failure to prosecute and update his address of record; and

///

///

---

[2] The Court also takes judicial notice of the California Department of Corrections and Rehabilitation's inmate locator listing for Plaintiff.  Fed. R. Evid. 201(b).

2.      Failure to comply with this order will result in a recommendation that the action be dismissed for failure to prosecute and update his address of record.

IT IS SO ORDERED.

Dated:   **September 27, 2021**

UNITED STATES MAGISTRATE JUDGE