UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUNT,<br><br>               Plaintiff,<br><br>    v.<br><br>D. DIAZ, et al.,<br><br>               Defendants. | Case No.: 1:19-cv-00504-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(ECF No. 69) |

Plaintiff Mark Hunt is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On October 30, 2020, the Court granted Defendants' request to stay the proceedings pending resolution of Plaintiff's criminal case and disciplinary action. (ECF No. 61.) Defendants were ordered to file a status report within ninety days and then every sixty days thereafter. (Id.)

On September 23, 2021, Defendants filed a fourth status report indicating that Plaintiff had a pretrial conference and a preliminary hearing setting conference scheduled for August 26, 2021, in the

1  King County Superior Court.[1]  (ECF No. 68.)  However, Plaintiff failed to appear for the hearing, and the Superior Court issued a bench warrant for Plaintiff and issued a notice of forfeiture of Plaintiff's bail bond.  (Declaration of Brian Chan (Chan Decl.), Ex. A.)  In addition, the Court notes that Plaintiff paroled on March 9, 2021, and is no longer incarcerated in state prison.  (Chan Decl. ¶ 4; See California Department of Corrections and Rehabilitation Inmate Locator, https://inmatelocator.cdcr.ca.gov/ ("Search for Inmate" for "Mark Hunt" and CDCR #F60076).  The inmate locator states that there are "no records matching that criteria.").[2]

A *pro se* Plaintiff must keep the Court and opposing parties informed of his correct address.  Local Rules 182(f), 183(b).   If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f).  If mail directed to a *pro se* plaintiff at the address of record is returned by the U.S. Postal Service, and the plaintiff fails to notify the Court of his current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

As stated above, Plaintiff was paroled on March 9, 2021, and failed to appear for his criminal court hearing and a warrant was issued.  Defendants do not have a current mailing address for Plaintiff, and Plaintiff has not filed any documents in this action since October 19, 2020.  (ECF No. 58.)  Thus, Plaintiff has not filed a change of address with the Court since his release in March 2021, in violation of Local Rules and the Court's First Informational Order.  (ECF No. 8.)  Based on the above, it appears that Plaintiff has abandoned this action.  Therefore, on September 28, 2021, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed.  (ECF No. 69.)  Plaintiff has failed to respond to the order to show cause and the time to do has now passed.

///

---

[1] The Court takes judicial notice of the docket sheet and facts contained therein of Plaintiff's criminal prosecution in People of the State of California v. Mark Hunt, Kings County Superior Court Case No. 19-CM-0598, under Federal Rule of Evidence 201(b) as a public record which accuracy cannot reasonably be questioned.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

[2] The Court also takes judicial notice of the California Department of Corrections and Rehabilitation's inmate locator listing for Plaintiff.  Fed. R. Evid. 201(b).

## II.

## DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); Malone v. U.S. Postal Service, 833 F.2d 128 at 130 (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor).

Here, Plaintiff was paroled from prison on March 9, 2021, and he failed to appear at a pretrial conference and a preliminary hearing setting conference scheduled for August 26, 2021, in the King County Superior Court.  In addition, Defendants do not have a current address to communicate with Plaintiff, and Plaintiff failed to file a response to the Court's order to show cause.  (ECF Nos. 68, 69.) Plaintiff's last communication with the Court was on October 19, 2020, when he filed objections to

Defendants' motion to stay the action.  Moreover, a bench warrant was issued for Plaintiff's arrest.  It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Given Plaintiff's failure to update his contact information with Defendants and the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  ." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006).  This case has been pending since 2019 and Plaintiff's has failed to comply with the Local Rules and court orders to keep his contact information up to date.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d at 642 (citing Malone v. U.S. Postal Serv., 833 F.2d at 131.)  The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff's failure to appear for the hearing in his pending criminal case, as well as his failure to respond the order to show cause, substantially hinders Defendant's ability to investigate and defend against Plaintiff's allegations.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by the Plaintiff's dilatory and evasive conduct.

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. More importantly, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the

4

Court of his current address. In re PPA, 460 F.3d at 1228–29.  In issuing the order to show cause, Plaintiff was also reminded that his failure to update his address and prosecute this action would be grounds for dismissal. (ECF No. 38, p. 8.) The Court's warning to a party that failure to obey the Court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132–33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

## III.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for Plaintiff's failure to prosecute.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2021**

UNITED STATES MAGISTRATE JUDGE