**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HUNT,<br><br>                     Plaintiff,<br><br>          v.<br><br>D. DIAZ, et al.,<br><br>                     Defendants. | Case No. 1:19-cv-0504 KES SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE<br><br>Doc. 73 |

Mark Hunt sought to hold the defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983.  On December 7, 2021, the Court dismissed this action for failure to prosecute and entered judgment.  Docs. 71, 72.  Hunt now moves to reopen the case, and the defendants oppose the motion.  Docs. 73, 75.  For the reasons set forth below, the motion is denied, and the action will remain closed.

**I.      BACKGROUND**

On December 6, 2019, the Court ordered this action proceed on Plaintiff's excessive force claim against Defendants Diaz, Velasquez, Brainard, Solorio, and Reyes.  Doc. 22.  After the defendants answered the complaint, they filed a motion to stay the action pending the resolution of Hunt's related criminal prosecution and disciplinary case.  Doc. 52.  The Court granted the motion and ordered the defendants to file status reports until the conclusion of the state court proceedings.  Doc. 61.

On September 23, 2021, Defendants reported that Hunt failed to appear for a pretrial conference and a preliminary hearing setting conference that were scheduled in Kings County Superior Court for August 26, 2021.  Doc. 68 at 1-2.  The Superior Court issued a bench warrant for Hunt and issued a notice of forfeiture of his bail bond.  *Id.* at 2.  Defendants also informed the Court that Hunt was no longer incarcerated— because he was paroled on March 9, 2021—and Hunt's current mailing address was unknown.  *Id.*

On September 28, 2021, the Court issued an order to show cause to Hunt, directing him to explain why the action should not be dismissed for failure to prosecute and update his address of record.  Doc. 69.  Hunt failed to respond to the order, and the magistrate judge recommended the case be dismissed.  Doc. 70.  After the objection period expired, the Court performed a de novo review and adopted the findings and recommendations.  Doc. 71.  The Court dismissed the action without prejudice for failure to prosecute on December 7, 2021.  *Id.* at 2.

On October 17, 2025, Hunt moved to re-open this action.  Doc. 73.  He submitted documents to support the request on October 24, 2025.  Doc. 74.  Defendants opposed the motion on November 7, 2025.  Doc. 75.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) governs the reconsideration of the district court's final orders and judgments.  This includes any motion to reopen a case after it has been dismissed based on failure to prosecute.  *See*, *e.g.*, *Diaz v. CDCR*, 2024 WL 4534712 (E.D. Cal. Oct. 21, 2024) (recommending denying plaintiff's motion to reopen case under Rule 60(b) after dismissal based on failure to prosecute), *adopted* 2024 WL 4826745 (E.D. Cal. Nov. 19, 2024); *Goff v. Gamez*, 2024 WL 3205191 (Jun. 27, 2024) (same).

Reconsideration under Rule 60(b) is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding."  *Id.*  Rule 60(b) indicates such relief may be granted "for the

2

following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Deyoung v. On Habeas Corpu*s, 2013 WL 1876120, at \*2 (E.D. Cal. May 3, 2013). The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

## III.   DISCUSSION AND ANALYSIS

With the pending motion, Hunt makes several assertions related to his state court criminal proceedings, and he seeks to reopen the case because the Attorney General did not serve him "any motion [to] say the case was uplifted from the stay … [a]t any jail facility." Doc. 73 at 5. Thus, it appears Hunt seeks to reopen the case under Rule 60(b)(3) which allows relief from a final order or judgment based on fraud, misrepresentation, or misconduct by an opposing party.

To receive relief under Rule 60(b)(3), a motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (a motion under Rule 60(b)(3) "shall be made not more than one year after the judgment, order, or proceeding was entered"). This deadline is "inflexible" and cannot be extended by the Court. *Inland Concrete Enters. v. Kraft*, 318 F.R.D. 383, 414 (C.D. Cal. 2016). As judgement was entered on December 7, 2021, any motion under Rule 60(b)(3) must have been filed no later than December 7, 2022. The

motion filed on October 17, 2025—nearly four years after the entry of judgment— is untimely. As a result, the motion must be denied. *See Norwood v. Vance*, 517 Fed. Appx. 557, 558 (9th Cir. Apr. 23, 2013) ("To the extent that Norwood's motion seeks relief under … Rule 60(b)(3), the district court lacked jurisdiction to consider it because Norwood filed the motion more than one year after judgment was entered").

## IV.    CONCLUSION

For the reasons set forth above, Hunt's motion to reopen the case is untimely.  The motion to reopen the case (Doc. 73) is DENIED, and the action shall remain closed.


**IT IS SO ORDERED.**


DATE: <u>June 1, 2026</u>

_____
UNITED STATES DISTRICT JUDGE